JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Louis Butler

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc A. Weinberg, Esquire
Saffren & Weinberg, 815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046, 215-576-0100

## DEFENDANTS

7-Eleven, Inc.

County of Residence of First Listed Defendant: Frisco, TX
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☒ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA, 29 U.S.C. §2611

Brief description of cause:
FMLA Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE: 10/08/2026

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

**A.** ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☑ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LOUIS BUTLER<br>503 N. Vodges Street<br>Philadelphia, PA 19131 | : | CIVIL ACTION |
| vs. | : | |
| 7-ELEVEN, INC.<br>2595 N. Dallas Parkway, Suite 350<br>Frisco, TX, 75034 | : | NO. |

**CIVIL ACTION COMPLAINT**

## I. PRELIMINARY STATEMENT

1. Plaintiff, Louis Butler (hereinafter "Plaintiff") brings this action under the Family Medical Leave Act, 29 U.S.C. §2601, *et seq*. (hereinafter "FMLA"). Plaintiff seeks equitable relief, compensatory damages, costs and attorney fees from Defendant for Defendant's discriminatory practices and other tortuous actions.

## II. THE PARTIES

2. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania residing at the above-captioned address.

3. Upon information and belief, Defendant, 7-Eleven, Inc., are corporations or businesses, partnerships or other recognized business entities that maintain a principal place of business at the above captioned addresses, that is currently licensed and authorized to perform business in the Commonwealth of Pennsylvania.

4. At all times material hereto, Defendant acted individually, and/or through their agents, representatives, servants and/or employees, ostensible or otherwise, who were then and there engaged in Defendant's business and acting within the scope of their agency, servitude and/or employment on behalf of Defendant.

5. At all times material hereto, the conduct of the Defendant as enumerated within the Complaint occurred within the Commonwealth of Pennsylvania.

## III. JURISDICTION AND VENUE

6. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331 and 28 U.S.C. §1343.

7. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

8. At all times material hereto, Defendant, 7-Eleven, Inc., were "engaged in an industry effecting commerce" as defined in the Labor Management Relations Act, 29 U.S.C. 142 (1) and (3).

9. At all times material hereto, Defendants employed more than fifty (50) employees.

10. At all times material hereto, the above referenced Defendants were deemed an "employer" as defined by the FMLA, 29 U.S.C. §2611.

11. Defendant, by and through their agents, servants and/or employees, aided and abetted the interference, discrimination, hostile work environment and harassment that Plaintiff was subjected to during the course and scope of his employment.

12. At all times material hereto, Plaintiff was an "eligible employee" pursuant to the FMLA, 29 U.S.C. §2611 as Plaintiff was employed by the above referenced Defendant for at least 12 months with respect to whom leave is requested under the FMLA, 29 U.S.C. §2601, *et seq*. and Plaintiff worked for at least 1,250 hours of service with such employer during the previous 12-month period.

## IV. FACTUAL BACKGROUND

13. Plaintiff was hired by Defendant around November of 2023 as a store manger and remained in that role until his termination in July of 2025.

14. In or around August of 2024, Plaintiff transferred from a single store managerial role to multistore role.

15. In or around November of 2024, Plaintiff requested time off for the death of his grandson and was denied and Defendant did not accept a time off request for bereavement.

16. Plaintiff began to receive write ups after the Plaintiff requested a salary increase following his transition to a managerial role.

17. Prior to July 26, 2025, Plaintiff had gone to the hospital following significant pain in his abdominal area.

18. Later testing revealed that Plaintiff had kidney stones.

19. Plaintiff remained out of work due to the pain and discomfort; however, Plaintiff remained in contact with his supervisor, Alberto Herrera.

20. Alberto Herrera told Plaintiff that he would handle all FMLA-related paperwork.

21. Plaintiff had attempted to go back to work, but was advised not to by supervisor, Alberto Herrera, due to the serious nature of his condition and pain.

22. Plaintiff was then terminated by Alberto Herrera while Plaintiff was on leave for his serious health condition. Plaintiff's termination occurred one (1) day prior to surgery for the kidney problems.

23. Plaintiff was never given a formal reason or rational for the termination

24. At all times material hereto, the Defendant never provided Plaintiff with any formal handbook or guidelines pertaining to FMLA leave or other similar policies.

25. At all times material hereto, Plaintiff's serious health condition as defined by the FMLA 29 U.S.C. §2611 should have entitled him to leave and prevented him from being retaliated against due to his request for leave.

26. Plaintiff was subjected to direct retaliation for the application and approval of intermittent FMLA benefits and was in turn terminated.

**COUNT I**
**LOUIS BUTLER v. 7-ELEVEN, INC.**
**VIOLATION OF FAMILY MEDICAL LEAVE ACT, 29 U.S.C. 2601 *et seq.***

27. Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

28. At all times material hereto, Plaintiff was an "eligible employee" as defined by the FMLA.

29. At all times material hereto, Defendant was an employer that was subject to the FMLA requirements regarding acceptance, denial, as well as retaliation.

30. At all times material hereto, Plaintiff was entitled to FMLA benefits as evidenced by the acceptance from the Defendant on multiple occasions.

31. At all times material hereto, Plaintiff provided Defendant with all appropriate notice and documentation supporting his intention to take intermittent FMLA leave as set forth herein.

32. Plaintiff was terminated on or about July 26, 2025 for exercising and/or attempting to exercise his rights pursuant to the FMLA.

33. Defendants interfered with Plaintiff's rights under the FMLA as Defendants

interfered with, restrained and/or denied Plaintiff's exercise and/or attempting to exercise his continuing rights under the FMLA by terminating Plaintiff shortly after Plaintiff sustained a serious medical condition and necessitated FMLA protected leave.

34. Defendant discriminated against Plaintiff for exercising and/or attempting to exercise his rights under the FMLA by subjecting Plaintiff to a hostile work environment, harassment, retaliation and termination for exercising and/or attempting to exercise his rights under the FMLA.

35. Plaintiff's termination was causally related to his FMLA leave as he was subjected to a hostile work environment, harassment and retaliation for exercising his rights under FMLA with Plaintiff providing all necessary documentation, support and notice required pursuant to FMLA.

36. Defendant's reasons for disciplining and/or terminating Plaintiff were inconsistent and pretextual to obscure Defendant's discriminatory animus and purpose.

37. Defendant's aforementioned conduct and treatment of Plaintiff was also used to discourage other employees from exercising and/or attempting to exercise their rights under the FMLA.

38. The conduct of Defendant and their treatment of Plaintiff in his employment, termination and retaliation violated the FMLA, 29 U.S.C. 2601, *et seq*. as Plaintiff's harassment, hostile work environment, retaliation and discharge from employment was based upon his serious medical condition and/or disability.

WHEREFORE, Plaintiff, Louis Butler, seeks a determination that Defendants violated the Family Medical Leave Act, 29 U.S.C. §2601, *et seq*. and requests all damages and relief permitted under the FMLA, including but not limited to: back pay and front pay; compensatory

damages; equitable relief; retroactive relief; injunctive relief including but not limited to barring future discriminatory conduct; attorney's fees, expert fees, costs and expenses; and such further relief as this Court deems just and fair.

Respectfully submitted,

*/s/Marc A. Weinberg*

By: ______________________________

MARC A. WEINBERG, ESQUIRE
Saffren & Weinberg
Attorney for Plaintiff
P.A. I.D. 60643
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
(215) 576-0100
(215) 576-6288 (FAX)
mweinberg@saffwein.com;
kramsey@saffwein.com

Dated:10/8/27